The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

ALBIREO ENERGY LLC, a Michigan Limited Liability Company, and ALBIREO HOLDINGS, INC., a Delaware Corporation,

Plaintiff,

v.

IVAN ARON, an individual, RYAN COWPER, an individual, GREGORY SIEFFERMAN, an individual, and ATS AUTOMATION, INC., a Washington Corporation,

Defendant(s).

Case No. 2:25-cv-02285-BJR

COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## I.   INTRODUCTION

Plaintiffs/Counterclaim Defendants Albireo Energy LLC ("Albireo Energy") and Albireo Holdings, Inc.'s ("Albireo Holdings") (collectively, the "Plaintiffs") Opposition confirms, rather than defeats, Defendants/Counterclaimants Ivan Aron ("Aron"), Gregory Siefferman ("Siefferman") and ATS Automation, Inc.'s ("ATS") (collectively, the "Counterclaimants") entitlement to partial summary judgment. Plaintiffs do not engage with the plain text of the Washington Noncompete Statute (Chapter 49.62 RCW); Plaintiffs instead retreat to a series of arguments that are foreclosed by the statute's language, this Court's prior rulings in its preliminary injunction, and controlling precedent.

First, Plaintiffs' Opposition concedes that RCW 49.62.050 voids at least the offending provisions, as Counterclaimants argue in their Motion for Partial Summary Judgment (the "Motion"). This concession is determinative for the Motion.

Second, this Court has already rejected Plaintiffs' position that the 2024 amendments to RCW 49.62 do not apply retroactively, and Plaintiffs offer no principled basis to revisit this ruling. (Order Denying Preliminary Injunction ("PI Order"), ECF 39, p. 6, n. 4.)

Third, Plaintiffs' argument regarding Aron's Confidentiality & Non-Solicitation Agreement is a red herring. Counterclaimants did not argue that this Agreement is at issue. The only relevant Agreements related to Aron for the purpose of this Motion are the Joinder and the Amended Restated Stockholders Agreement ("ARSA"), and the Separation Agreement.

Fourth, Aron's Separation Agreement is clearly within the scope of this statute because it arose directly from, and was part of, the termination of Aron's employment relationship with Plaintiffs. It was not an independent settlement agreement, in contrast to Plaintiffs' single purported precedent in support, nor did it arise from a separate independent event. Rather, it flowed directly from the employment relationship.

Lastly, there is no genuine dispute that Plaintiffs attempted to wield the void provisions to restrain Counterclaimants. Counterclaimants are entitled to fees in accordance with the applicable

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 1
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

statute.

Counterclaimants respectfully request that this Court grant partial summary judgment and a statutory fee award.

## II.    ARGUMENT

### A.    Plaintiffs' First Objection Concedes the Core Issue.

Plaintiffs devote considerable argument to the proposition that RCW 49.62.050 voids only "a provision in" a noncompetition covenant, not the covenant as a whole. (Opp., ECF No. 46, p. 8–9.) But this concedes the specific point made in the Motion: the Delaware, Florida, and New Jersey choice-of-law and forum selection provisions embedded in the Albireo Noncompetition Covenants are void and unenforceable. Plaintiffs' concession confirms Counterclaimants' point: that the agreements at issue are at least in part void or unenforceable.

The customer non-solicitation restrictions in Aron's and Siefferman's agreements constitute "noncompetition covenants" under the statute. (PI Order, p. 9.) This is beyond dispute. Given that these are noncompetition covenants, the non-Washington choice-of-law and forum selection provisions are void under RCW 49.62.050.

As to the Aron Non-Solicitation Agreement, Counterclaimants did not address this Agreement as a basis for the Motion. Plaintiffs' argument on this point addresses a position Counterclaimants never took. (Opp. p. 9–10.) This Court should disregard Plaintiffs' irrelevant arguments related to Aron's Non-Solicitation Agreement.

### B.    The Aron Separation Agreement is Covered by Chapter 49.62 RCW.

#### 1.    Plaintiffs' Caselaw is Distinguishable.

Plaintiffs' reliance on *Elgiadi v. Washington State Univ. Spokane* is misplaced. In *Elgiadi,* the Washington Court of Appeals addressed a no re-hire clause contained in a settlement agreement negotiated months after the plaintiff's employment ended, as part of resolving a Washington Law Against Discrimination (WLAD) lawsuit. 24 Wn. App. 2d 261, 263–64, 519 P.3d 939 (2022).  The court held the statute was inapplicable. *Id.* at 273–74. In *Elgiadi,* the no-rehire clause was not part

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 2
[NO. 2:25-CV-02285-BJR]

of an employment agreement, a separation agreement, or any document governing the employment relationship or termination. It appeared in a settlement agreement negotiated months after the plaintiff's employment ended, after the plaintiff had filed a WLAD lawsuit, and for the purpose of resolving that litigation. *Id.* at 263–65.

Here, the Aron Separation Agreement bears no resemblance to the settlement in *Elgiadi*. It was executed shortly after Aron's termination by Albireo and in connection with his employment. The Separation Agreement did not arise from a later, independent litigation settlement; instead, it flowed directly from Aron's employment relationship with Plaintiffs. Plaintiffs' conditioned a severance payment of $25,052.00 on Aron's execution of the Separation Agreement, which imposed noncompetition and nonsolicitation obligations. Here, the employer (Albireo) was using the leverage of a separation package to extract restrictive covenant obligations from a departing employee.[1] Therefore, *Elgiadi* is distinguishable.

---

[1] This is a paradigmatic scenario Chapter 49.62 RCW was enacted to address. In March 2026, Washington State effectively banned all employment non-compete agreements. Engrossed Substitute H.B. 1155, ch. 149, 2026 Wash. Sess. Laws. p. 1 (Wash. 2026) (effective June 30, 2027), https://lawfilesext.leg.wa.gov/biennium/2025-26/Pdf/Bills/Session%20Laws/House/1155-S.SL.pdf ("The legislature finds that noncompetition covenants hinder innovation and entrepreneurship, suppress wages, reduce job mobility, and ultimately harm consumers and the economy."); H. Floor Debate on Substitute H.B. 1450, 66th Leg., Reg. Sess. (Mar. 12, 2019), at 01:05:24–01:07:02, video recording by TVW, Washington State Public Affairs Network, available at https://www.tvw.org/watch/?clientID=9375922947&eventID=2019031103 (Representative Derek Stanford testified that noncompete clauses "take[] away an individual's ability to leave one job and accept a new one" and "put[] that decision in the hands of their current or previous employer."); Senate Labor & Commerce Committee Hearing on S.B. 5935, 68th Leg., Reg. Sess. (Jan. 18, 2024), at 00:41:36–00:42:11, video recording by TVW, Washington State Public Affairs Network, available at https://www.tvw.org/watch/?clientID=9375922947&eventID=2024011267 (Senator Derek Stanford reiterated that "Non-compete clauses… interfere with a person's ability to seek or accept a new job"); Senate Floor Debate on Substitute S.B. 5935, 68th Leg., Reg. Sess. (Feb. 6, 2024), at 00:13:55–00:14:05, video recording by TVW, Washington State Public Affairs Network, available at https://www.tvw.org/watch/?clientID=9375922947&eventID=2024021087. (Senator Derek Stanford later stated that employers have induced "a chilling effect on their employees' behavior by including covenants that are not actually enforceable.")

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 3
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

In fact, the Separation Agreement itself shows that it is part of Aron's employment with Albireo, not an independent contract. The court in *Elgiadi* relies on the fact that Plaintiff was no longer an employee to reach its holding; here, in contrast:

- The Separation Agreement literally defines Aron as "Employee."

- It covers both his employment and the period after. (Section 7(a)-(b))

- The Separation Agreement is couched on not only compliance with its terms, but also whether "Employee remains in compliance with Employee's obligations to the Released Parties." (Not limited to post-termination obligations)

Moreover, the statute defines "noncompetition covenants" to include "any written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained." RCW 49.62.010(4). It does not limit coverage to agreements executed before or after the final day of employment. Thus, extending the narrow holding from *Elgiadi*, which addressed a litigation settlement months removed from the employment relationship, to a day-eleven severance agreement would allow employers to terminate employees and immediately present them with a restrictive agreement that was immune from Chapter 49.62 RCW—simply because the ink dried after the final paycheck.

This result would be irreconcilable with the statute's stated purpose of protecting Washington workers. RCW 49.62.005(3). If *Elgiadi* excludes the Separation Agreement from the reach of RCW 49.62, then *any* separation agreement could include an illegal non-competition covenant, in direct contravention of Washington's clearly stated public policy.

2.    The Court Need Not Resolve the Cause of Aron's Termination.

Plaintiffs suggest that disputes about why Aron was terminated are material to the Motion: they are not. Aron was presented with the Separation Agreement eleven days after his termination, offered severance conditioned on signing, and executed the agreement as part of the coordinated wind-down of his employment. (Aron Declaration ("Aron Decl."), ECF No. 38, Ex. D.) Whether

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 4
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Plaintiffs terminated him for cause or without cause is irrelevant to the statutory coverage question since that is not an inquiry under the statute and is thus not a material fact for the Motion.

### C.    The 2024 Amendments to Chapter 49.62 RCW Are Retroactive.

This Court has already rejected Plaintiffs' retroactivity argument. Plaintiffs' retroactivity argument is foreclosed by this Court's own prior ruling in the Order denying Plaintiffs' preliminary injunction request. In the PI Order, the Court expressly disagreed with Plaintiffs' position that the 2024 Amendments do not apply retroactively. (PI Order at 6. n. 4.)  That is the law of this case.

The PI Order is clearly correct. RCW 49.62.100 governs the retroactive application of Chapter 49.62 RCW, and states that it "applies to all proceedings commenced on or after January 1, 2020, regardless of when the cause of action arose." This action was commenced in 2025. The legislature's deliberate use of "proceedings" reflects its intent that Washington's protective framework apply to any case before a Washington court, regardless of when the underlying agreements were signed. *See also* H.B. Rep. on H.B. 1155, 69th Leg., Reg. Sess., available at https://lawfilesext.leg.wa.gov/biennium/2025-26/Pdf/Bill%20Reports/House/1155-S.E%20HBR%20FBR%2026.pdf?q=20260608120042 ("All noncompetition covenants are void and unenforceable, regardless of when the parties entered into the covenant."). This Court should reject Plaintiffs' assertion that that statute applies to "proceedings," and not "agreements." The Washington Legislature's intent to reach *all* noncompetition covenants regardless of when they were entered into by the parties rejects Plaintiffs' assertions. *Id.* Moreover, reading the statute to only apply to agreements on or after 2024 would render its retroactivity provision a nullity and allow employers to insulate pre-enactment agreements from scrutiny in perpetuity.

Plaintiffs' citation to *Culver v. 3M Co.,* No. 24-5119, 2024 WL 2279293 (W.D. Wash. May 20, 2024), does not compel a different result. Notably, the previous employer in *Culver* did not take action to enforce the non-compete covenant against the previous employer. *Id.* at *6. Here, by contrast, Plaintiffs have attempted to enforce the noncompetition covenants against Counterclaimants by filing this lawsuit. Relevant to the retroactivity argument, in *Culver*, the Ninth

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 5
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Circuit granted Defendant's motion to dismiss because the noncompetition covenant was signed in 2013, "well before January 1, 2020." *Id.* Here, all of Albireo's Noncompetition Covenants at issue were signed by Plaintiffs after 2020. [2]*See* (Declaration of Gregory Siefferman ("Siefferman Decl."), ECF No. 37, Ex. A; Aron Decl., ECF No. 38, Ex. A–D.) This Court's own analysis in the PI Order that squarely addresses these parties and these agreements is more relevant and persuasive authority. Thus, the 2024 amendments do apply to the Albireo Noncompetition Covenants.

> **D.    Counterclaimants Have Established Statutory Violations Supporting Damages and Fees Under RCW 49.62.080.**

Plaintiffs contend that the mere existence of an invalid choice-of-law or forum clause does not constitute a "violation" of Chapter 49.62 RCW sufficient to support a damages award. This is incorrect. RCW 49.62.080 authorizes relief for "a person aggrieved by a noncompetition covenant" where that covenant "violates" the chapter. RCW 49.62.050 affirmatively declares certain provisions "void and unenforceable." A covenant containing a prohibited choice-of-law provision fails to comply with this statutory rule. The at-issue provisions therefore "violates this chapter" and RCW 49.62.080 supplies the remedy. *See* supra note 1.

Plaintiffs' reliance on *Belleque v. Stryker Corp.,* No. 25-CV-5554-BHS, 2026 WL 538492 (W.D. Wash. Feb. 26, 2026), is inapt. The employer in *Belleque* merely required the employee to sign the covenant which was not, itself, deemed to be a violation in that instance. *Id.* at *4. This has no direct nexus to the enforcement of any particular covenant provision similar to *Culver.* Here, Plaintiffs did not merely ask Counterclaimants to sign the noncompetition covenants, but sent correspondence invoking the noncompetition covenants by name, demanded that Counterclaimants "immediately cease" any alleged unlawful conduct, and then filed this lawsuit. *See* (Declaration of Josh Cales ("Cales Decl."), ECF No. 36, Ex. A; Siefferman Decl., ECF No. 37, Ex. C; Aron Decl., ECF No. 38, Ex. E.) This is enforcement, and the Washington Legislature's

---

[2] The Stockholder Agreement is dated 2014, but Aron signed the joinder in 2021.

COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

2026 enactment of 1155-S.SL, which clarifies that "[i]t is a violation of this chapter" to "enforce, attempt to enforce, or threaten to enforce" a covered noncompetition covenant, confirms that Plaintiffs' conduct constituted precisely the violation the Washington legislature sought to deter. Engrossed Substitute H.B. 1155, ch. 149, 2026 Wash. Sess. Laws. p. 3 (Wash. 2026) (effective June 30, 2027).

Additionally, Plaintiffs' assertion that it did not force the Counterclaimants to litigate outside of Washington misses the point entirely. RCW 49.62.050 prohibits non-Washington choice-of-law and venue provisions, not just its enforcement. The inclusion of a mandatory out-of-state venue clause or venue provision in an agreement imposes obligations on the employee by contract, and the obligation exists from the moment the agreement is signed. The fact that Plaintiffs chose the forum to be in Washington and the lawsuit to be governed under Washington law does not cure the explicit RCW 49.62.050(1) and (3) violations. The violations lie in the inclusion of the choice-of-law and venue provisions, not in whether the employer ultimately achieved their intended purpose. Plaintiffs' "no harm, no foul" defense finds no support in the statute's text.

1. The Record Establishes Multiple Independent Violations.

RCW 49.62.080 provides remedies for unlawful provisions. ***Each*** void provision is a violation and each therefore gives rise to a separate $5,000 statutory damage award.[3] RCW 49.62.080(2)–(3). Counterclaimants' calculation of damages is straightforward and supported by the statutory text. The following table summarizes the undisputed statutory violations and the amount in damages under RCW 49.62.080 for each Counterclaimant:

| Defendant/Counterclaimant Aron | | | |
| --- | --- | --- | --- |
| **Agreement** | **Violating Provision** | **Statutory Basis** | **Amount** |
| Joinder | Delaware choice-of-law | RCW 49.62.050(3) | $5,000 |

---

[3] This is consistent with Plaintiffs' argument that the statute addresses the choice-of-law and venue provisions individually and separately, as opposed to part of an holistic single contract.

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 7
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

| ARSA | Delaware choice-of-law | RCW 49.62.050(3) | $5,000 |
|---|---|---|---|
| ARSA | Delaware venue | RCW 49.62.050(1) | $5,000 |
| Separation Agreement | Florida choice-of-law | RCW 49.62.050(3) | $5,000 |

| Defendant/Counterclaimant Siefferman | | | |
|---|---|---|---|
| **Agreement** | **Violating Provision** | **Statutory Basis** | **Amount** |
| Confidentiality & Non-Solicitation Agreement | New Jersey choice-of-law | RCW 49.62.050(3) | $5,000 |

| Defendant/Counterclaimant ATS | | | | |
|---|---|---|---|---|
| **Agreement** | **Violating Provision** | **Statutory Basis** | **Relevant Employee** | **Amount** |
| Joinder | Delaware choice-of-law | RCW 49.62.050(3) | Aron | $5,000 |
| ARSA | Delaware choice-of-law | RCW 49.62.050(3) | Aron | $5,000 |
| ARSA | Delaware venue | RCW 49.62.050(1) | Aron | $5,000 |
| Separation Agreement | Florida choice-of-law | RCW 49.62.050(3) | Aron | $5,000 |
| Confidentiality & Non-Solicitation Agreement | New Jersey choice-of-law | RCW 49.62.050(3) | Siefferman | $5,000 |

2.   <u>ATS is an Aggrieved Party Under RCW 49.62.080.</u>

ATS is "aggrieved" because RCW 49.62.080 is not limited only to persons subject to the covenants. That reading finds no support in the statutory text. RCW 49.62.080 extends to "a person aggrieved by a noncompetition covenant." ATS was not a bystander. Plaintiffs copied ATS's CEO and President in its correspondences. (Cales Decl., ECF No. 36, Ex. A.) Plaintiffs named ATS as a defendant in this lawsuit and sought injunctive relief that would have required ATS to terminate or restrict its employees. (ECF No. 13.) ATS was forced to incur legal costs and operation

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 8
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

disruption as a direct consequence of Plaintiffs' enforcement of noncompetition covenants containing void provisions. ATS is plainly aggrieved within any reasonable reading of the statute.

3.   Plaintiffs' Correspondence Invoked the Noncompetition Covenants, Not Merely Confidentiality Obligations.

Plaintiffs characterize its October 2025 letters to Counterclaimants as focused solely on confidential information and trade secrets, however, the correspondence explicitly invoked the Albireo Agreement provisions by name and threatened litigation. (Cales Decl., ECF No. 36, Ex. A; Siefferman Decl., ECF No. 37, Ex. B; Aron Decl., ECF No. 38, Ex. E.) Plaintiffs cannot now retrofit its enforcement campaign as a narrow trade-secret protection effort. The statute exempts confidentiality agreements and trade-secret covenants from the definition of "noncompetition covenant," but Plaintiffs chose to bundle those concerns with the explicit invocation of its noncompetition provisions, and must accept the statutory consequences of that choice. Moreover, this argument is irreconcilable as the Washington State Legislature has already made the distinction between non-competition covenants and trade secret protections. *See* Engrossed Substitute H.B. 1155, ch. 149, 2026 Wash. Sess. Laws. p. 1–2 (Wash. 2026) (effective June 30, 2027), https://lawfilesext.leg.wa.gov/biennium/2025-26/Pdf/Bills/Session%20Laws/House/1155-S.SL.pdf ("Noncompetition covenants are often unilaterally imposed by employers and businesses without meaningful negotiation. Businesses have more specific and effective legal means to protect intellectual property, trade secrets, and clients without harming works, contractors, and the public.")

### III.   CONCLUSION

The undisputed record establishes that Plaintiffs required Washington-based employees to execute noncompetition covenants governed by Delaware, Florida, and New Jersey law.  Plaintiffs then used those noncompetition covenants to interfere with individual Defendants' employment at ATS and initiate this federal lawsuit. This is a direct violation of RCW 49.62.050. The statute is clear and the facts are undisputed.

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 9
[NO. 2:25-CV-02285-BJR]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Counterclaimants respectfully request that the Court enter the Proposed Order submitted with Counterclaimant's Motion.

*I certify that this memorandum complies with the page limits set forth in the Court's standing order, dated January 11, 2024.*

Respectfully submitted this 11th day of June, 2026.

SEYFARTH SHAW LLP

By:  */s/ Andrew R. Escobar*
Andrew R. Escobar, Bar No. 42793
Nicholas A. Gillard-Byers, WSBA No. 45707
Wendy M. Feng, Bar No. 53590
Emily L. Vo, Bar No. 62905
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910
Email: aescobar@seyfarth.com
        ngillard-byers@seyfarth.com
        wfeng@seyfarth.com
        evo@seyfarth.com

*Counsel for Defendants and Counterclaimants*

COUNTERCLAIMANTS' REPLY IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY
JUDGMENT - 10
[NO. 2:25-CV-02285-BJR]